IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER PACKER, SR., LESTER PACKER, II, and SHAWN DYROFF, *individually and on behalf of the Glenn O. Hawbaker, Inc. Benefit Plan,*<br><br>Plaintiffs,<br><br>v.<br><br>GLENN O. HAWBAKER, INC., BOARD OF DIRECTORS OF GLENN O. HAWBAKER, INC., PLAN ADMINISTRATOR OF THE GLENN O. HAWBAKER, INC. BENEFIT PLAN, and JOHN DOES 1-20,<br><br>Defendants. | No. 4:21-CV-01747<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

OCTOBER 25, 2023

## I.  BACKGROUND

On April 8, 2021, the Office of the Attorney General for the Commonwealth of Pennsylvania filed a criminal complaint against Defendant Glenn O. Hawbaker, Inc. ("GOH" or "Hawbaker"), alleging that the company underfunded benefits of prevailing wage employees.[1] In August 2021, Hawbaker pleaded no contest to charges of Theft by Failure to Make Required Disposition of Funds Received and,

---

[1]  Mem. Op. Class Certification ("Cert. Op."), Doc. 34, at 2.

as part of the plea agreement, agreed to pay over $20 million in restitution to over 1000 prevailing wage workers.[2] On October 13, 2021, Plaintiffs Lester Packer, Sr., Lester Packer, II, and Shawn Dryoff, former employees of Hawbaker initiated this suit on behalf of themselves and others similarly situated for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA").[3] On June 6, 2023, the Court granted Plaintiffs' Motion for Class Certification, certifying the following class:

> All current and former hourly wage employees who worked on prevailing wage contracts at Hawbaker within the Commonwealth of Pennsylvania during the period September 1, 2012 through December 31, 2018.[4]

Defendants timely filed Motions for Reconsideration and to Stay Discovery.[5] Plaintiffs subsequently filed a Motion to Supplement the Class Certification Record.[6] Each motion is fully briefed and ripe for disposition.[7]

## II. DISCUSSION

Typically, a final judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening

---

[2] *Id.* at 2-3.
[3] *See generally* Compl., Doc. 1.
[4] Ord. Granting Class Certification, Doc. 35.
[5] Mtn. for Recons., Doc. 36; Mtn. to Stay, Doc. 38.
[6] Mtn. to Supplement Class Certification R., Doc. 40.
[7] Defs.' Br. in Support Recons. ("Recons. Br."), Doc. 37; Pls.' Br. Opp. Recons. ("Recons. Opp."), Doc. 42; Defs.' Reply Br. in Support Recons. ("Recons. Reply"), Doc. 56; Defs.' Br. in Support Stay, Doc. 39; Pls.' Br. Opp. Stay, Doc. 44; Defs.' Br. in Support Stay, Doc. 55; Pls.' Br. in Support Supplement Class Certification R. ("Supplement R. Br."), Doc. 41; Defs.' Br. Opp. Supplement Class Certification R. ("Supplement R. Opp."), Doc. 52.

change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[8]  However, when dealing with a nonfinal, interlocutory order, courts have much broader authority to revise the order "when consonant with justice to do so."[9]  Because this Court's order granting class certification is not a final judgment, it constitutes an interlocutory order and will be governed under the broader "consonant with justice" standard.[10]

"Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision."[11]  A "motion for reconsideration is 'not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'"[12]  In other words, it "should not be used to try to get a 'second bite at the apple,' or to raise new arguments or

---

[8]  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[9]  *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)); *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 310-11 (3d Cir. 2018) ("We have, on occasion, stated that lower courts possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.") (cleaned up).
[10]  The proper vehicle for reconsideration is Federal Rule of Civil Procedure 54, which provides the Court with discretion to "modify any earlier order."  *Confer v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991) (citing *Juzwin v. Amtorg, Trading Corp.*, 718 F. Supp. 1233, 1234 (D.N.J. 1989)).
[11]  *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (citing *Confer*, 760 F. Supp. at 77).
[12]  *Id.* (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

evidence that could have been proffered prior to the issuance of the order in question."[13]

### A.   Motion for Reconsideration

In their reply brief in support of class certification, Plaintiffs attached the Pennsylvania Office of Attorney General's Affidavit of Probable Cause and GOH's plea agreement.[14] Plaintiffs suggested, and the Court agreed, that Federal Rule of Evidence 201 permitted the Court to take judicial notice of the facts of the Affidavit of Probable Cause and the Plea Agreement.[15] Defendants argue this was error because the Plea Agreement "cannot be considered pursuant to Federal Rule of Evidence 410(a)(2)."[16] Rule 410(a)(2) provides that evidence of a *nolo contendere* plea "is not admissible against the defendant who made the plea or participated in the plea discussions."

As an initial matter, the Court rejects Plaintiffs' argument that Defendants waived this argument by not raising it in their opposition or filing a sur-reply.[17] As Defendants note, arguments are not waived where such arguments and issues are not raised in the original motion papers[18] and neither the Federal Rules of Civil

---

[13] *Id.* (cleaned up) (quoting *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) and *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[14] Hawbaker Crim. Compl. and Aff. of Probable Cause, Doc. 30-1; Hawbaker Plea Agreement, Doc. 30-2.

[15] Class Certification Reply, Doc. 29, at 6 n.4; Cert. Op. 7-8.

[16] Recons. Br. 6.

[17] Recons. Opp. Section II.B.

[18] *I.R. ex rel. Robinson v. Peirce*, 2012 WL 6681807, at *2 (M.D. Pa. Dec. 21, 2012).

Procedure nor Local Rules permit sur-replies as a matter of right. Local Rule 7.10 does, however, permit parties to file motions for reconsideration which are "the appropriate means of bringing to the court's attention manifest errors of fact or law."[19] Defendants' motion, arguing that the Court improperly considered GOH's *nolo contendere* plea which had been raised for the first time in Plaintiffs' reply brief in support of certification, is procedurally proper.

### 1. Rules of Evidence and Class Certification

Defendants argue that, because the plea agreement is inadmissible, the Court should not have considered it on the motion for class certification. Rule 23 requires that a party seeking certification "be prepared to prove *in fact*"[20] that the Rule 23(a) prerequisites are met and "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)."[21] Absent from the parties' briefing is any discussion regarding whether such "evidentiary proof" need be admissible under the Rules of Evidence. In a recent concurrence, Judge David Porter observed that this is an open question in the Third Circuit and a point of discord among the other Circuit Courts.[22] As Judge Porter noted, "we interpret the legislatively enacted Federal Rules of Evidence as we would any statute."[23] "The specific courts and proceedings to which

---

[19] *Quinteros*, 176 F.3d at 678 (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).
[20] *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).
[21] *Id.*
[22] *See generally Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 904 (3d Cir. 2022) (Porter, J. concurrence).
[23] *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 587 (1993).

the [Federal Rules of Evidence] apply, along with exceptions, are set out in Rule 1101,"[24] which provides that the rules apply to "civil cases and proceedings"[25] "before United States district courts."[26] Rule 23 proceedings are not among those excepted by the text of Rule 1101.[27]

Nevertheless, the Sixth, Eighth, and Ninth Circuits have held that the "evidentiary proof" required to satisfy Rule 23(b) "need not amount to admissible evidence, at least with respect to not expert evidence."[28] Observing that Rule 23's requirement that certification occur at "an early practicable time"[29] means "class certifications are generally made before the close of merits discovery,"[30] these courts reasoned that "limiting class-certification-stage proof to admissible evidence risks terminating actions before a putative class may gather admissible evidence . . . and transforms a preliminary stage into an evidentiary shooting match."[31] Further, Rule 23 provides that orders "grant[ing] or deny[ing] class certification may be altered or

---

[24] Fed. R. Evid. 101(a).
[25] Fed. R. Evid. 1101(b).
[26] Fed. R. Evid. 1101(a).
[27] *See Allen*, 37 F.4th at 905 (Porter, J., concurring) (collecting cases and discussing Rule 1101 exceptions).
[28] *Lyngaas v. Ag*, 992 F.3d 412, 428-29 (6th Cir. 2021) (citing *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 611, 614 (8th Cir. 2011); *Sali v. Corona Reg' Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018)).
[29] Fed. R. Civ. P. 23(c)(1)(A).
[30] *Lyngaas*, 992 F.3d at 429 (quoting *Zurn*, 644 F.3d at 613).
[31] *Id.* (quoting *Sali*, 909 F.3d at 1004).

amended before final judgment,"[32] rendering the court's analysis "prospective and subject to change" as the case develops.[33]

Conversely, the First and Fifth Circuits have held that "the 'class certification inquiry must be based on adequate admissible evidence to justify class certification.'"[34] The First Circuit in particular "reason[ed] that 'class certification provides no occasion for jettisoning the rules of evidence and procedure, the Seventh Amendment, or the dictate of the Rules Enabling Act."[35]

Though the Third Circuit has not addressed the issue as to nonexpert evidence, it has held "that a plaintiff cannot rely on challenged expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless the plaintiff also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*."[36] Though this dispute does not involve expert testimony, "for the purposes of this question there is no principled basis for distinguishing between fact and expert evidence."[37] Indeed, none of the Circuits which have addressed the question regarding both expert and nonexpert evidence have held that there is a different standard for the two.[38] Therefore, Rule 410 applies

---

[32] Fed. R. Civ. P. 23(c)(1)(C).
[33] *Zurn*, 644 F.3d at 613.
[34] *Prantil v. Arkema Inc.*, 986 F.3d 570, 576 (5th Cir. 2021) (quoting *Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir. 2005)); *accord In re Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018).
[35] *Allen*, 37 F.4th at 906 (Porter, J., concurring) (quoting *Asacol*, 907 F.3d at 53).
[36] *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015).
[37] *Allen*, 37 F.4th at 905 (Porter, J. concurring).
[38] *See id.* at 906-07 (discussing Circuit split).

with equal force at class certification as it does at trial, and, absent another basis for admissibility, the Court finds that its consideration of Hawbaker's *nolo contendere* plea was error.

### 2. Hawbaker's *Nolo Contendere* Plea

Plaintiffs argue that that Defendants are estopped from arguing that the plea agreement is inadmissible because they introduced the agreement in a parallel proceeding. "Three requirements must be met before a district court may properly apply judicial estoppel:" (1) the party to be estopped must have taken two irreconcilably inconsistent positions; (2) in bad faith; (3) and no lessor sanction would provide an adequate remedy.[39] In the aforementioned parallel proceeding,[40] Hawbaker sought to require its insurer, Twin City, to advance defense costs, defend, and cover losses incurred in this litigation as well as a state court class action suit pending in the Court of Common Pleas of Centre County, Pennsylvania.[41] Twin City argued that Hawbaker's Fiduciary Liability Coverage excluded claims which arise out of "claims for unpaid wages or for a Wage and Hour Violation."[42] Arguing that

---

[39] *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773 (3d Cir. 2001) (citing *Ryan Operations G.P. v. Santiam-Midwest Lumbar Co.*, 81 F.3d 355, 361 (3d Cir. 1996); *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 108 (3d Cir. 1999)).

[40] *Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc.*, No. 4:22-cv-1485-MWB (M.D. Pa.)

[41] *See generally* Am. Countercl., *Twin City*, No. 4:22-cv-1485-MWB, Doc. 26 pp. 26-51 (M.D. Pa. Mar. 13, 2023); *see also King v. Glenn O. Hawbaker, Inc.*, No. 2021-957 (Pa. Ct. Comm. Pl.) (state court class action).

[42] Pl. Mot. to Dismiss Br., *Twin City*, No. 4:22-cv-1485-MWB, Doc. 28 at 2 (M.D. Pa. Mar 27, 2023). Wage and Hour Violation is a (poorly) defined term in the policy, which the Court discussed at length in its Memorandum Opinion dismissing Hawbaker's counterclaims in *Twin City*. *See generally Twin City*, No. 22-cv-01485-MWB, 2023 WL 5652011 (M.D. Pa. Aug. 31,

the claims raised in the class actions are not claims for unpaid wages or Wage and Hour Violations, Hawbaker asserted that the class action plaintiffs "have already received the wages and benefits to which they were deemed entitled by virtue of the restitutionary payment made pursuant to GOH's Plea Agreement."[43]

"[U]nder Pennsylvania law, *nolo* pleas do not have any evidentiary value as an admission of guilt."[44] *Nolo* pleas can, however, be admitted "as evidence of the fact of conviction as opposed to evidence of the commission of the underlying crime."[45] Thus, a *nolo* plea may be introduced for the purposes of proving that an individual was convicted of and punished for the charged conduct, but not that the individual actually committed the underlying acts.[46] Hawbaker introduced the *nolo* plea in *Twin City* to show that it had paid restitution to employees whose benefits had been underfunded—that it was punished for "Theft by Failure to Make Required Disposition of Funds Received."[47] Defendants' argument that the plea agreement is

---

2023). For the purposes of the dispute here, it suffices to say that the alleged failure to pay benefits due to prevailing wage workers fell within the exclusion.

[43] GOH Mot. to Dismiss Opp., *Twin City*, No. 4:22-cv-1485-MWB, Doc. 29 at 8 (M.D. Pa. Apr. 10, 2023) (citing and attaching as an exhibit the plea agreement, Doc. 24-4, p. 4).

[44] *U.S. v. Poellnitz*, 372 F.3d 562, 568 (3d Cir. 2004) (comparing Federal Rule of Evidence 410 to the Pennsylvania analogue).

[45] *Id.* at 569.

[46] *See United States v. Keen*, 2023 WL 2226796, at *4-5 (M.D. Pa. Feb. 24, 2023) (observing that a prior *nolo* plea for possession of child pornography could be used as evidence that the defendant was previously charged and punished for that crime, but not that he committed the crime itself).

[47] Plea Agreement, Doc. 30-2 at 1 (citing 18 Pa.C.S. § 3927(a)).

inadmissible here is not "irreconcilably inconsistent" with Hawbaker's introduction of the agreement for a plainly admissible purpose in the Twin City litigation.

To the extent that Defendants argue that the plea agreement may not be used to "cement[] the evidence contained within the Affidavit of Probable Cause [or Criminal Complaint] as irrefutable," the Court agrees.[48] The Court parts ways with Defendants on the issue of whether the Plaintiffs may rely on the plea agreement as evidence that Hawbaker paid over $20 million in restitution to over 1,000 people, just as Hawbaker did in its litigation with Twin City. The Restitution Schedule is admissible to the extent that it shows, *as part of the agreed upon punishment*, certain individuals are owed restitution because their benefits were underfunded. Therefore, the Court did not err by relying on the restitution schedule to establish numerosity.

In their opposition to class certification, Defendants raised two issues regarding commonality: 1) "it is entirely possible that certain putative class members are owed no money at all and that certain putative class members have actually been overpaid under Hawbaker's policy;" and 2) plaintiffs failed to identify an issue that would lead to class wide resolution of the claims at issue.[49] As Defendants note, the Court found that the Restitution Schedule obviated the first concern.[50] As above, the Court can consider the Restitution Schedule to identify the relevant class. However,

---

[48] Recons. Br. 12 (citing Certification Reply 8).
[49] Cert. Opp. Section III.C.
[50] Recons. Br. 13.

the plea agreement cannot be used, either itself or as evidence that Hawbaker admitted to the conduct in the Affidavit of Probable Cause, to establish *how* Hawbaker underfunded their benefits.[51] Therefore, it is insufficient to show "questions of law or fact common to the class."[52]

Similarly, the Court agrees with Defendants that it should not have considered the Criminal Complaint and the Affidavit of Probable Cause to establish typicality or adequacy. In its memorandum opinion certifying the class, the Court noted that "the allegations in the Pennsylvania Attorney General's criminal complaint and the supporting documentation attached thereto provide the factual basis for both this case and the Plaintiff's motion for class certification."[53] Because the Criminal Complaint is inadmissible, it cannot provide the factual basis for certification.

As to the requirements for certification under Rule 23(b), the Court observed that "[t]he Third Circuit has consistently 'held that ERISA 'breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.'"[54] Defendants do not dispute this reasoning, rather that, absent the plea agreement, there is no evidence any class member was underpaid, rendering it "impossible for 'adjudications with respect to

---

51   *Cf.* Recons. Opp. 11 (conceding that Plaintiffs relied on the Affidavit of Probable Cause to establish commonality).
52   Fed. R. Civ. P. 23(a)(2).
53   Cert Op. 11.
54   *Id.* (quoting *Boley v. Universal Health Services, Inc.*, 36 F.4th 124, 136 (3d Cir. 2022); *In re Schering Plough*, 589 F.3d 585, 604 (3d Cir. 2009)).

individual class members [to] be dispositive of the interests of the other members not parties to the individual adjudications.'"[55] As the plea agreement and other related documents cannot be considered to establish Hawbaker's benefit practices, the Court finds that certification of the class under Rule 23(b)(1) was error, and grants Defendants' Motion.

### B.    Plaintiffs Motion to Supplement the Certification Record

Concurrent with their opposition to Defendants' Motions, Plaintiffs filed a Motion to Supplement the Class Record to include the deposition transcripts and accompanying exhibits of Hawbaker Chief Financial Officer Brian Graupensperger and Corporate Comptroller Traci Capparella.[56] Defendants argue that Plaintiffs' Motion is procedurally improper because the Federal Rules do not provide "the required authority to supplement the class certification record where, as here, the Court's decision certifying the proposed class is subject to a pending motion for reconsideration."[57] The Court has separately considered the motion for reconsideration and Defendants addressed the merits of Plaintiffs' motion in their opposition, as well as in their reply in support of reconsideration. The issue is briefed, and ripe for disposition.[58]

---

[55]   Recons. Br. 18. (quoting Rule 23(b)(1)(B)).
[56]   Mot. to Supp. R.
[57]   Supp. R. Opp. 7.
[58]   As the Court will grant Defendants' Motion, the Court will consider Plaintiffs' Motion as one to Alter or Amend that Order under Rule 23(c)(1)(C).

To the extent that Defendants argue that no authority permits Plaintiffs to amend the class certification record, that argument is not well taken. Rule 23(c)(1)(C) "allows for multiple bites at the apple throughout the litigation," including renewed motions for certification based on new evidence.[59] The Rule does not, as Defendants suggest, "distinguish between a renewed motion for certification based on new evidence and one based on a more narrow and clearer definition of a class that meets the requirements of Rule 23."[60]

As the Court has found that Plaintiffs may rely on the plea agreement to prove numerosity, the Court turns to the parties' arguments regarding whether the deposition testimony satisfies the balance of the Rule 23(a) prerequisites. Defendants make similar arguments regarding commonality, typicality, and adequacy: "Without the Plea Agreement and the corresponding Restitution Schedule, 'it is entirely possible that certain putative class members are owed no money at all'" as "the Court is unable to even determine whether any member of the putative class was not paid correctly."[61] However, because the Court has found that it can consider the Restitution Schedule as evidence that certain Hawbaker employees' benefits were underfunded, it can "determine whether any member of the putative class was not paid correctly."[62]

---

[59]  *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020).
[60]  *Id.*
[61]  Recons. Reply 13 (quoting Cert. Op. 9) (commonality), 15 (typicality and adequacy).
[62]  *Cf. id.*

Nevertheless, whether putative class members were paid incorrectly is not enough. As Hawbaker noted in *Twin City*, Plaintiffs have brought claims for ERISA violations, not unpaid benefits.[63] Whether Defendants are liable for such violations will turn on the legality of Hawbaker's benefit calculation methods, which are described by Graupensberger and Capparella in their depositions.[64] The payment of benefits according to this plan underlies the claims of the named Plaintiffs and the putative class.[65] Defendants argument that the legality of Hawbaker's benefits practices is not question common to the class as some prevailing wage workers may not be owed money and have no claim for an ERISA violation is therefore unavailing. So to are arguments that the named Plaintiffs' claims cannot be typical of or adequately represent the entire class where Hawbaker may have a defense that certain class members' benefits were not underfunded.

As the Court has found that it may consider the Restitution Schedule, and Defendants have made no additional argument regarding the Court's prior finding that the Restitution Table was sufficient evidence to show that "the class members are entitled to damages and precisely how much each member is owed," the Court

---

[63] *Cf.* Mot. to Dismiss Opp., *Twin City*, 22-cv-1485-MWB, Doc. 29, Section III B. (Apr. 10, 2023).
[64] *See, e.g.*, Capparella Dep., Doc. 47-1, 27:5-42:8 (describing benefit compensation practices); Graupensberger Dep., Doc. 47-2, 128:17-133:25 (same).
[65] *See Johnston v. HBO Film Mgmt, Inc.*, 265 F.3d 178, 184 (3d Cir. 2001) ("[S]o long as the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of factual differences.") (citations removed).

will not reconsider that holding.[66] Notably, Defendants have not presented any evidence that any prevailing wage employee was, in fact, overpaid. If discovery reveals that the class certified by the Court does include such individuals, then Defendants may request that the Court revisit the issue at that time. However, on the record before it, the Court finds that Plaintiffs have carried their burden to establish each of the Rule 23(a) prerequisites. Further, as discussed above, Defendants' do not ask the Court to revisit its reasoning for certifying the class under Rule 23(b)(1). Therefore, the Court will grant Plaintiffs' Motion and reaffirm its prior Order certifying the class.

### III.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion for Reconsideration and grants Plaintiffs' Motion to Supplement the Class Record. Therefore, the Court will reaffirm its June 6, 2023 Order certifying the class and appointing Class representatives and Class Counsel. Defendants' Motion to Stay Discovery is denied as moot.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[66] Cert. Op. 9-10.