IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER PACKER, SR.,<br>LESTER PACKER, II and<br>SHAWN DYROFF, *individually and*<br>*on behalf of Glenn O. Hawbaker,*<br>*Inc. Benefit Plan*,<br><br>      Plaintiffs,<br><br>    v.<br><br>GLENN O HAWBAKER, INC.,<br>BOARD OF DIRECTORS OF<br>GLENN O. HAWBAKER, INC.,<br>PLAN ADMINISTRATOR OF THE<br>GLENN O. HAWBAKER, INC.<br>BENEFIT PLANT, and<br>JOHN DOES 1-20,<br><br>      Defendants. | No. 4:21-CV-01747<br><br>(Chief Judge Brann) |

### MEMORANDUM OPINON AND ORDER

#### DECEMBER 29, 2023

Pending before the Court is the Plaintiffs' Second Motion to Compel Discovery and for Sanctions Pursuant to Federal Rule of Civil Procedure 37. I am asked to decide who should bear the burden of producing the relevant fringe benefit letters when only physical copies are available.

Although the parties dispute when it became known that no electronic copies of the letters exist,[1] the Defendants are offering the Plaintiffs the opportunity to inspect the physical copies of these documents.[2] These fringe benefit letters are stored in approximately 250 boxes and are separated by job as a matter of the Defendants' ordinary course of business.[3] In addition to the letters, these boxes contain significant volumes of nonresponsive documents. Copying each document may end up costing upward of $200,000.[4]

Two narrow questions arise from this dispute: (1) is the Defendants' current offer to allow the Plaintiffs to inspect the approximately 250 boxes sufficient to fulfill their Rule 34 obligations and (2) who must pay to copy any documents selected by the Plaintiffs?

Rule 34 provides parties with the option of producing documents as they are "kept in the usual course of business" or organizing and labeling "them to correspond to the categories in the request."[5] As to the first question, the Defendants assert that their offer to allow the Plaintiffs to inspect the documents satisfies Rule 34. This

---

[1] The Defendants assert that the Plaintiffs have been aware of this issue since at least 2022 while the Plaintiffs claim to have learned of this issue in November 2023. *See* Doc. 72 (Brief in Support of Second Motion to Compel Discovery) at 1; Doc. 71 (Memorandum of Law in Opposition) at 4.
[2] *See* Doc. 71 (Memorandum of Law in Opposition) at 1-2.
[3] *Id.*
[4] *See* Doc. 71 (Memorandum of Law in Opposition), Ex. A (On-Site Scanning Estimate).
[5] FED. R. CIV. P. 34.

proposition finds some support at the surface level,[6] but a closer look at this issue undermines any serious contention that this offer to inspect alone is adequate. As the Plaintiffs correctly note, a requesting party does not bear the burden of sorting through "large quantities of unrequested materials" in order to identify the documents that are actually responsive to the discovery request.[7] Even when a party claims to have provided documents exactly as they are kept in their usual course of business, courts have required the producing party to index the documents when vast quantities of materials are at issue or the producing party is "overly generous" in their response.[8] Therefore, the Court concludes that the Defendants must index the documents in the approximately 250 boxes "to organize and label documents as responsive to Plaintiffs' requests."[9]

Reinforcing this conclusion is the Court's recognition that the fringe benefit letters are essential to the claims posited by the Plaintiffs.[10] Further, while searching through these records will likely be a "cumbersome task" for the Defendants, the

---

[6] *See Anderson Living Trust v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014) ("The usual course of business—in the days of warehousing large numbers of hard copy documents—meant giving the requesting party free access to the facility without any culling or reviewing for responsiveness by the producing party.").

[7] *See U.S. Sec. & Exch. Comm'n v. e-Smart Techs., Ins.*, No. CV 11-895, 2013 WL 12333681, at *3 (D.D.C. Oct. 24, 2013) (citing 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2213 (3d ed. 2010)).

[8] *Williams v. Taser Intern., Inc.*, No. CIV 1:06-CV00051, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006).

[9] *Id.*

[10] *See* Doc. 72 (Brief in Support of Second Motion to Compel Discovery) at 2-5.

"burden would be much greater for the" Plaintiffs as they are unfamiliar with Hawbaker's record keeping system.[11]

As to the second question before the Court, the law on this issue is rather clear. The requesting party must pay to copy any documents.[12] "Under no circumstances, however, shall [the Plaintiffs] be required to bear any other costs associated with the copying, and if necessary, shipping, of the documents, including but not limited to wages paid to employees or other expenses associated with compiling, organizing, and labeling responsive documents as required by this Order."[13]

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. The Defendants are to index the documents contained in the approximately 250 boxes at their own expense on or before February 27, 2024;

2. Upon completion of the index, the Defendants shall organize and label the documents which are responsive to the Plaintiffs' discovery request at their own expense. This organization and labeling is to be completed on or before March 28, 2024;

3. The Plaintiffs may then enter the premises and copy the responsive documents at their own expense on or before April 29, 2024.

---

[11] *Cheng v. AIM Sports, Inc.*, No. CV 10-3814, 2011 WL 13196557, at *8 (C.D. Cal. Mar. 30, 2011).
[12] *Williams*, 2006 WL 1835437 at *6.
[13] *Id.*

Alternatively, the Plaintiffs may elect to have the Defendants copy the responsive documents on or before April 29, 2024; the Plaintiffs shall then reimburse the Defendants for any copying and shipping costs incurred.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge