IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER PACKER, SR., LESTER PACKER, II and SHAWN DRYOFF, *individually and on behalf of Glenn O. Hawbaker, Inc. Benefit Plan*, <br><br> Plaintiffs, <br><br> v. <br><br> GLENN O. HAWBAKER, INC., BOARD OF DIRECTORS OF GLENN O. HAWBAKER, INC., PLAN ADMINISTRATOR OF THE GLENN O. HAWBAKER, INC. BENEFIT PLAN, and JOHN DOES 1-20, <br><br> Defendants. | No. 4:21-CV-01747 <br><br> (Chief Judge Brann) |

MEMORANDUM OPINION

SEPTEMBER 4, 2024

## I.   BACKGROUND

Discovery in this suit has so far been a contentious, drawn-out process. Currently pending before the Court is Plaintiffs' Third Motion to Compel Discovery and for Sanctions.[1] In this motion, Plaintiffs claim that Defendants have failed to fulfill their discovery obligations. After reviewing the parties' filings, the Court requested supplemental briefing on several narrow issues.[2] This motion is

---

[1]   Doc. 76 (Third Motion to Compel Discovery).
[2]   Doc. 82 (Order for Supplemental Briefing).

now ripe for disposition; for the reasons below, it is granted in part and denied in part.

## II.   DISCUSSION

### A.   Standard

Federal Rule of Civil Procedure 26 controls the scope of discovery in federal civil actions. So long as the information sought is non-privileged, relevant to a party's claim or defense, and proportional to the needs of the case, it is discoverable.[3] Discovery is "deemed relevant 'if there is any possibility that the information may be relevant to the general subject matter of the action.'"[4] To determine proportionality, I consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[5]

To ensure the smooth operation of the discovery process, Federal Rule of Civil Procedure 37(b) allows the Court to issue an Order addressing a party's "fail[ure] to obey an order to provide or permit discovery …."[6] The Court

---

[3] FED. R. CIV. P. 26(b)(1).
[4] *Lakeview Pharm. Of Racine, Inc. v. Catamaran Corp.*, No. 3:15-cv-00290, 2019 U.S. Dist. LEXIS 23266, 2019 WL 587296, at *2 (M.D. Pa. Feb. 13, 2019) (Mannion, J.) (quoting *Kegerise v. Susquehanna Twp. Sch. Dist.*, No. 1:14-cv-00747, 2016 U.S. Dist. LEXIS 62124, 2016 WL 2736048, at *1 (M.D. Pa. May 11, 2016) (Caldwell, J.)).
[5] FED. R. CIV. P. 26(b)(1).
[6] FED. R. CIV. P. 37(b)(2)(A).

previously entered a stipulated Order on July 31, 2023 directing the exchange of discovery and a December 29, 2023 Memorandum Opinion and Order addressing the production of fringe benefits letters.[7] Plaintiffs assert that Defendants have failed to produce documents responsive to its discovery requests concerning the United States Department of Labor ("DOL") 2015 investigation into Glenn O. Hawbaker, Inc. ("GOH"); documents turned over in response to a subpoena from DOL in 2021; and additional fringe benefits letters.

B. Analysis

1. 2015 DOL Investigation Documents

Plaintiffs first contend that Defendants have withheld at least 119 "pages of agency records related to the 2015 DOL Investigation, which [Defendants] received pursuant to a Freedom of Information Act ("FOIA") request."[8] Plaintiffs' argument is based on their interpretation of part of GOH Chief Financial Officer Brian Graupensperger's deposition and a FOIA request from an individual named Harry Ward.[9] According to Plaintiffs, Graupensperger indicated that GOH filed a FOIA request and received the "investigation file" from the DOL's 2015 Investigation of GOH.[10] Defendants dispute the accuracy of this statement; they

---

[7] Doc. 60 (July 31, 2023 Stipulated Ord.); Doc. 73 (December 29, 2023 Mem. Op. and Ord.).
[8] Doc. 83 (Supplemental Brief in Support of Third Motion to Compel Discovery) at 2. Plaintiffs acknowledge that Defendants have produced twenty-two pages related to the 2015 DOL Investigation. *Id.*
[9] Doc. 81 (Reply Brief in Support of Third Motion to Compel Discovery), Ex. A (July 13, 2015 Harry Ward FOIA Request DOL Letter).
[10] Doc. 81 (Reply Brief in Support of Third Motion to Compel Discovery) at 3.

assert that their FOIA request merely requested the notes from the DOL investigator. At his deposition, Graupensperger indicated that DOL:

> …asked for information about our benefits plans; we provided it to them. There were no findings. We asked for a letter to that effect. The gentleman said that they would not provide a letter to that effect. They would only provide a letter if there was a finding of a violation. So he said if we wanted something, we could request his written notes from his investigation through a FOIA request, which we did.[11]

Graupensperger later stated that GOH maintained the documents it received from that 2015 FOIA request but did not recall if these documents had been produced to Plaintiffs.[12]

Defendants also attached the DOL Cover Letter for its 2015 FOIA Request.[13] In this Cover Letter, DOL notes that it has "attached 21 pages consisting of the investigator Narrative and Compliance Action Report."[14] These pages have previously been provided to Plaintiffs.[15]

The FOIA request filed by Mr. Ward in 2015 led DOL to provide 141 pages of agency records.[16] Based on Plaintiffs' representations, these documents would

---

[11] Doc. 47 (Sealed Letter), Ex. 2 (Sealed Transcript) ¶¶ 84:6-14.
[12] *Id.* ¶¶ 84:15-85:9.
[13] Doc. 84 (Supplemental Brief in Opposition to Third Motion to Compel Discovery), Ex. C (DOL Cover Letter for 2015 FOIA Request). I note that the email chain above the DOL Cover Letter indicates that there is a mistake in the opening statement. I assume that this references the date the FOIA request was received. The Cover Letter states it was received on January 12, 2016; both parties have indicated the FOIA Request was made in 2015.
[14] *Id.*
[15] Doc. 84 (Supplemental Brief in Opposition to Third Motion to Compel Discovery) at 3.
[16] Doc. 81 (Reply Brief in Support of Third Motion to Compel Discovery), Ex. A (July 13, 2023 DOL Harry Word FOIA Request DOL Letter).

certainly be relevant if Defendants possessed them.[17] But that is fundamentally the issue; Defendants have already turned over all the documents they possess related to the 2015 DOL Investigation. Graupensperger's testimony indicates that GOH's FOIA request was significantly more limited than that apparently made by Mr. Ward. Without any suggestion that Defendants are improperly withholding documents they possess, the Court denies this portion of Plaintiffs' Third Motion to Compel Discovery.

### 2. Documents Produced in Response to the 2021 DOL Subpoena

Next, Plaintiffs assert that Defendants have failed to produce relevant documents handed over to DOL in response to a subpoena in 2021. Defendants respond that the remaining 148 documents at issue in this category are either privileged or not relevant to this case. In support of this argument, Defendants provided the Court with their Original Privilege Log from 2021 and a newly created chart explaining the lack of relevance of 147 of these documents. Since these categories raise different issues, I will address them separately below.

But before I do so, I take a moment to note that the Third Motion to Compel Discovery and the Court's July 15, 2024 Order prompted Defendants to produce a significant number of previously withheld documents. Based on this, I am skeptical that Defendants' efforts have been as thorough as they claim.

---

[17] Doc. 83 (Supplemental Brief in Support of Third Motion to Compel Discovery) at 2-4.

### a. The "Irrelevant" Documents

Defendants contend that 147 of these documents fall outside what they identify as the relevant period: 2012-2018.[18] Presumably Defendants have created this range of time based on the Class defined by the Court.[19] Despite this, Plaintiffs assert that these documents are relevant as they "likely include payroll records (including spreadsheets), information concerning GOH's prevailing wage projects, and fringe benefit[s] payments to GOH workers on public works projects" as well as "changes to the GOH Health and Retirement Plans …."[20] The Court agrees that these documents are relevant; the fact they are outside the Class period does not diminish their relevance. Accordingly, I order Defendants to produce the 147 documents identified in the chart in Exhibit D of Defendants' Supplemental Brief.[21]

### b. The Privileged Document

The remaining document is a Reed Smith engagement letter from 2018. According to the Original Privilege Log, the engagement letter is protected by both

---

[18] Doc. 84 (Supplemental Brief in Opposition to Third Motion to Compel Discovery), Ex. D (Chart Showing Irrelevant Documents). I note that one document in this chart in fact appears to fall within the relevant time period as defined by Defendant. The document labeled HAW_0000352 is dated July 22, 2017.
[19] Doc. 62 (Ord. Granting Motion for Reconsideration).
[20] Doc. 83 (Supplemental Brief in Support of Third Motion to Compel Discovery) at 5-6.
[21] Doc. 84 (Supplemental Brief in Opposition to Third Motion to Compel Discovery), Ex. D (Chart Showing Irrelevant Documents).

the attorney client privilege and the work product doctrine. Defendants have the burden to prove that these privileges apply.[22]

The attorney client privilege "protects from disclosure confidential communications made between attorneys and clients for the purpose of obtaining or providing legal assistance to the client."[23] The work product doctrine "is designed to protect material prepared by an attorney acting for his client in anticipation of litigation."[24] But this document was apparently previously disclosed to DOL in 2021. That prior disclosure alters the application of these privileges.

In *Westinghouse Elec. Corp. v. Republic of Philippines*, the United States Court of Appeals for the Third Circuit addressed "whether a party that discloses information protected by the attorney client privilege and work product doctrine in order to cooperate with a government agency that is investigating it waives the privilege and the doctrine only as against the government, or waives them completely, thereby exposing the documents to civil discovery in litigation between the discloser and a third party."[25] The Third Circuit held that disclosing these documents to the Government "waived both the attorney-client privilege and the work-product doctrine with respect to those documents."[26] To reach this

---

[22] *Conoco, Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 730 (3d Cir. 1982).
[23] *In re Grand Jury Subpoena*, 745 F.3d 681, 687 (3d Cir. 2014).
[24] *United States v. Rockwell Inn*, 897 F.2d 1255, 1265 (3d Cir. 1990).
[25] *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1417 (3d Cir. 1991).
[26] *Id.* at 1418.

conclusion, our Court of Appeals focused, in part, on whether the disclosures at issue furthered the policies underlying these privileges.[27]

But the Third Circuit has notably distinguished voluntary disclosure of privileged documents from the forced production of documents under court order.[28] Given this distinction, the Court ordered Defendants to clarify whether they had "turned over the documents in response to the 2021 United States Department of Labor Subpoena under a court order."[29] Despite this clear direction, Defendants failed to do so. Without any indication to the contrary, I conclude that this disclosure was voluntary. As such, Defendants have waived any claim to the attorney client privilege or work product doctrine as to the 2018 engagement letter. The Court will therefore order Defendants to produce this document as well.

### 3.   The Fringe Benefits Letters

Finally, Plaintiffs claim that Defendants have failed to produce 650 additional fringe benefits letters. On December 29, 2023, the Court ordered Defendants to index and make available for Plaintiffs inspection approximately 250 boxes containing fringe benefits letters. Like these prior letters, the missing 650 fringe benefits letters were not maintained in an electronic format. In its

---

[27] *Id.* at 1426, 1429.

[28] The Third Circuit "consider[ed] Westinghouse's disclosure to [the Department of Justice] to be voluntary even though it was prompted by a grand jury subpoena. Although Westinghouse originally moved to quash the subpoena, it later withdrew the motion and produced the documents pursuant to the confidentiality agreement. Had Westinghouse continued to object to the subpoena and produced the documents only after being ordered to do so, we would not consider its disclosure of those documents to be voluntary." *Id.* at 1427 n.15.

[29] Doc. 82 (July 15, 2024 Ord.).

supplemental brief, Defendants described the efforts it has undertaken to locate these missing fringe benefits letters.[30] Defendants have represented that these fringe benefits letters "simply may not have ever been printed out and stored in a paper file."[31]

As the Court is unaware of any legal obligation for Defendants to have maintained these letters prior to the commencement of litigation, their failure to do so will not be held against them. After all, spoilation concerns conduct that occurs after the initiation of litigation. Should Plaintiffs become aware of a legal obligation to maintain these letters, they are free to bring this to the Court's attention at that time. Accordingly, this portion of Plaintiffs' Third Motion to Compel Discovery is denied; to the extent Defendants are still searching the additional boxes recalled from their storage facility, they should continue to do so.

## III. CONCLUSION

In resolving the Third Motion to Compel Discovery, I deny Plaintiffs' request concerning the 2015 DOL Investigation and the additional fringe benefits letters but order the production of the remaining 148 documents previously turned over in response to the 2021 DOL Subpoena. Although Plaintiffs have requested that the Court impose sanctions on Defendants due to these discovery disputes, I decline to do so.

---

[30] Defendants recalled additional boxes from a storage facility and reviewed and indexed the contents in an attempt to identify these missing letters.
[31] Doc. 84 (Supplemental Brief in Opposition to Third Motion to Compel Discovery) at 7.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge