## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER PACKER, SR., LESTER PACKER, II and SHAWN DYROFF, *individually and on behalf of Glenn O. Hawbaker, Inc. Benefit Plan*, | No. 4:21-CV-01747 |
| | (Chief Judge Brann) |
| Plaintiffs, | |
| v. | |
| GLENN O HAWBAKER, INC., BOARD OF DIRECTORS OF GLENN O. HAWBAKER, INC., PLAN ADMINISTRATOR OF THE GLENN O. HAWBAKER, INC. BENEFIT PLANT, and JOHN DOES 1-20, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 28, 2026

## I.    BACKGROUND

Defendants Glenn O. Hawbaker, Inc., Board of Directors of Glenn O. Hawbaker, Inc., the Plan Administrator of the Glenn O. Hawbaker, Inc. Benefit Plan, and John Does 1-20 (collectively, "Defendants") served four subpoenas to employees of the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Labor Law Compliance ("the Bureau") to depose the employees

regarding information related to their investigation of a separate, criminal matter against Defendants.

The Bureau indicated their intent to fight the subpoenas,[1] and Defendants filed the instant motion, moving to compel the third-party depositions.[2] The Bureau responds to the motion by arguing that the information is not fit for discovery pursuant to the "Deliberative Process Privilege."[3] The issue is ripe for disposition. For the reasons stated below, Defendants' motion to compel is granted.

## II.    DISCUSSION

### A.    Legal Standard

#### 1.    Discovery Standard Under Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[4] Such discovery must take into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit."[5]

---

[1]    Doc. 103 (Letter from the Bureau).
[2]    Doc. 107 (Mot.).
[3]    Doc. 109 (Br. in Opp.) at 3.
[4]    FED. R. CIV. P. 26(b)(1).
[5]    *Id.*

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."[6] The party filing a motion to compel bears the initial burden of "'demonstrat[ing] the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.'"[7]

"Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with the fullest possible knowledge of the issues and facts before trial."[8] "'[T]he discovery rules are meant to be construed quite liberally so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence.'"[9]

Federal Rule of Civil Procedure 45 also applies here; this Rule is the vehicle for seeking discovery from a nonparty through a subpoena.[10] Under Rule 45(d)(3)(A), a court must quash or modify a subpoena if it requires disclosure of

---

[6]   FED. R. EVID. 401.
[7]   *Osagie v. Borough of State College*, 586 F. Supp. 3d 314, 321 (M.D. Pa. 2022) (Brann, J.) (quoting *Miller v. McGinley*, No. 1:20-CV-2270, 2022 WL 212709, at *2 (M.D. Pa. Jan. 24, 2022)).
[8]   *Id.* (internal quotation omitted).
[9]   *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (M.D. Pa. 2017) (Brann, J.) (quoting *Fid. Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. 1993).
[10]  FED. R. CIV. P. 45; *see also Jackson v. Aragon Advertising, LLC*, No. 4:23-MC-00812, 2023 WL 7413332, at *2 (M.D. Pa. Nov. 9, 2023) (Brann, J.).

privileged material or subjects a person to undue burden.[11] "When analyzing whether a civil subpoena places an undue burden on a nonparty, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed."[12]

### 2.     The Deliberative Process Privilege

The Bureau has raised the deliberative process privilege to attempt to quash the subpoenas. "The deliberative process privilege is an executive privilege that applies to 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'"[13] "The purpose of the privilege is to prevent injury to the quality of agency decisions which could result from premature or indiscriminate disclosure of such deliberations."[14]

To assert the deliberative process privilege, three procedural requirements must be satisfied: "'[t]here must be a (1) formal claim of privilege (2) lodged by the head of the department which has control over the matter, (3) after actual personal consideration by that officer.'"[15] "The requirement that the privilege be asserted solely by the head of a department or agency . . . is not merely technical. . . . Rather, it is intended to ensure that the privilege is invoked by an informed executive official

---

[11]   *Id.*
[12]   *United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. 2019).
[13]   *Startzell v. City of Philadelphia*, No. 05-05287, 2006 WL 2945226, at *2 (E.D. Pa. Oct. 13, 2006) (quoting *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir. 1987)).
[14]   *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 751 (E.D. Pa. 1983).
[15]   *Yang v. Reno*, 157 F.R.D. 625, 632 (M.D. Pa. 1994) (quoting *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953)).

of sufficient authority and responsibility to warrant the court relying on his or her judgment."[16] To satisfy this requirement, courts have held that, "the [executive official] asserting the privilege must, at a minimum, make an explicit representation that he or she has personally seen and considered the material."[17]

Substantively, to invoke the privilege, the privilege proponent must show the information sought is both predecisional and deliberative.[18] Accordingly, the information sought must be "'actually related to the process by which the policy was formulated or decision reached.'"[19] The privilege protects only predecisional communications, not communications "made after the decision and designed to explain it."[20] "Factual material is not protected as long as it is severable from the deliberative information, even if the factual information is located in an otherwise privileged document."[21] This privilege "'should be narrowly construed,'"[22] and the government must show the privilege applies by presenting "more than a bare conclusion or statement that the documents are privileged."[23]

---

[16]  *Id.* (quoting *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000)).

[17]  *Id.* (collecting cases).

[18]  *Wayne Land and Mineral Group v. Delaware River Basin Comm'n*, No. 3:16-CV-00897, 2020 WL 762835, at *9 (M.D. Pa. Feb. 14, 2020).

[19]  *Id.* (quoting Rothstein & Crump, *Federal Testimonial Privileges Relating to Witnesses & Documents in Federal-Law Case* § 5:3 (2d ed. 2006)).

[20]  *Rizzo*, 97 F.R.D. at 751.

[21]  *Redland Soccer Club Inc. v. Department of the Army of the United States*, 55 F.3d 827, 854 (3d Cir. 1995); *see also Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 n.27 (1975) *Beckwith v. Blair Cnty.*, No. 3:18-CV-40, 2019 WL 343248, at *5 (W.D. Pa. Jan 28, 2019).

[22]  *Wayne Land*, 2020 WL 762835, at *9 (quoting *Redland*, 55 F.3d at 856).

[23]  *Redland*, 55 F.3d at 854.

Additionally, even when the deliberative process privilege applies to information sought and has been properly invoked, it is not absolute.[24] "[T]he party seeking disclosure may overcome the claim of privilege by showing a sufficient need for the material in the context of the facts or the nature of the case."[25] The United States Court of Appeals for the Third Circuit has adopted a five factor balancing test to weigh parties' interests in this issue, considering "'(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; [and] (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.'"[26] Accordingly, courts employ a two-step review, deciding first whether the communications are in fact privileged and, if so, then secondly balancing the parties' interests.[27]

The deliberative process privilege can be applied to motions to compel deposition testimony.[28] However, when depositions are the disputed source for allegedly privileged information, and unless the depositions' topics are facially within the privilege's scope,[29] courts frequently allow the deposition to proceed and

---

[24]  *Redland*, 55 F.3d at 854.

[25]  *Id.* (quoting *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir. 1987).

[26]  *Id.* (quoting *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 n.5 (D.C.Cir. 1994)) (alterations in original).

[27]  *Id.*

[28]  *See, e.g., id.*; *New Jersey Dep't of Env't Prot. v. E.I Dupont De Nemours and Co., et al.*, No. 19-14758, 2024 WL 5252422, at *10-11 (D.N.J. Dec. 31, 2024);

[29]  *See N.J. Dep't of Env't Prot.*, 2024 WL 5252422, at *11 (quashing deposition topics as written without a deposition-and-objection procedure because it was "impossible to conceive of

require counsel to object to any specific questions seeking such covered information.[30] "[U]nless and until Defendants actually ask a question at the deposition that intrudes upon the deliberative process privilege or any other alleged applicable privilege . . . objections are premature."[31]

## B.    Analysis

Preliminarily, the Court sees the relevance of the information sought. Defendants seek to depose Bureau investigators to uncover the sum total of the information obtained through their investigation, which could reveal additional evidence potentially advantageous to Defendants.[32] Accordingly, as the Bureau is objecting to the depositions, the burden shifts to the Bureau to show why discovery of the material requested is inappropriate.[33]

---

questions . . . that would not be subject to a privilege objection" under the proffered deposition topics) (internal quotation omitted).

[30]  *See, e.g., McCowan v. City of Philadelphia*, No. 2:19-CV-03326, 2020 WL 4347370, at *5 (E.D. Pa. July 28, 2020) (holding that a "deposition should not be precluded on the basis of a privilege that must be narrowly construed" and that "specific questions during [the] deposition may be objected to on the basis of privilege."); *Equal Employment Opportunity Comm'n v. Foodcrafters Distribution Co.*, No. 03-2796, 2005 WL 8176026, at *4 (D.N.J. Mar. 3, 2005); *cf N.J. Dep't of Env't Prot.*, 2024 WL 5252422, at *11.

[31]  *Equal Employment Opportunity Comm'n v. LifeCare Mgmt. Servs.*, No 2:08-CV-1358, 2009 772834, at *2 (W.D. Pa. Mar. 17, 2009); *see also United States v. Educ. Mgmt.*, No. 2:07-CV-00461, 2014 WL 12788187, at *4 (W.D. Pa. Feb. 10, 2014).

[32]  Doc. 108 (Br. in Supp.) at 8-9; *see, e.g., United States Equal Employment Opportunity Comm'n v. Court of Common Pleas of Allegheny Cnty.*, No. 14-899, 2015 WL 5167882, at *3 (W.D. Pa. Sept. 3, 2015) (allowing for deposition of an EEOC investigator even where the entire investigative file had been provided).

[33]  *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).

Here, the depositions shall not be excluded wholesale from proceeding based on this preliminary invocation of the deliberative process doctrine. [34] Indeed, while the deposition topics promulgated may raise tangential deliberative process issues, it does not appear to the Court that the depositions are *only* seeking such information such that quashing them wholesale is appropriate.[35] Moreover, as Defendants aver that the depositions will not relate to the pre-decisional deliberative process and should last less than two hours, the burden on the deposed witnesses is minimal and parties will likely be able to proceed without delving into privileged information.[36]

Accordingly, the depositions may proceed, with questions limited to factual information and refraining from inquiry into the deliberative process of the Bureau. Prohibited topics include Bureau employees' thought processes and deliberations about the investigation.[37] However, should questions raise issues that the Bureau

---

[34] While neither party pressed the issue in brief, the Court is additionally concerned whether the Bureau has satisfactorily invoked of the deliberative process privilege at all. *Yang v. Reno*, 157 F.R.D. 625, 632 (M.D. Pa. 1994). There has been no affidavit submitted from the head of the agency nor even a statement that he or she has considered the material and deems that it should not be discoverable. However, as privilege invocation is thus far premature, this is not yet an issue. Should disputes arise after the depositions, parties are encouraged to revisit the procedural requirements of invoking this doctrine.

[35] *Cf N.J. Dep't of Env't Prot.*, 2024 WL 5252422, at *11.

[36] *See United States Equal Employment Opportunity Comm'n v. Court of Common Pleas of Allegheny Cnty.*, No. 14-899, 2015 WL 5167882, at *3 (W.D. Pa. Sept. 3, 2015) ("As long as Defendant sticks to questions relating to Ms. Pittman's dealings with the EEOC and refrains from asking questions regarding the EEOC's decision-making process, difficult deliberative process privilege objections should be avoidable. . . . Permitting Defendant to depose Delledonne would not appear to impose a particularly harsh burden on the EEOC with these parameters in place.").

[37] *See Sears*, 421 U.S. at 150 (noting the privilege's focus on documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.") (internal quotation omitted).

believes are privileged, the Bureau may object to those questions. The Bureau should be prepared to substantiate such objections and to allow their witness to answer to the extent necessary to establish that any information omitted is covered by such privilege.[38]

If disputes arise during or after the depositions based on such privilege, the Court should be able to determine whether the privilege has been properly invoked and weigh the balancing factors appropriately. At this time, however, the Bureau's objections are premature; the Court cannot determine whether the privilege applies to information sought when that information is nebulous and nameless.[39]

## III.    CONCLUSION

Defendants' motion to compel third party depositions is granted. The depositions may proceed with the following caveats: the depositions will be held virtually or at a location within this District; each deposition shall take no longer than two hours; and Defendants are prohibited from inquiring into pre-deliberative discussions, thoughts, and opinions, instead focusing on the factual information from the investigation that is relevant to the case at hand.

---

[38]    *See McCowan*, 2020 WL 4347370, at *5 n.8 ("Counsel for [objectors] should ensure that any objections raised during the deposition are entirely warranted" as "[t]he Court's patience is not unlimited" for endless discovery disputes).

[39]    Parties are instructed that, should they proceed with a deposition and objection procedure, there shall be no "wholesale objection[s] that would prevent the depositions from taking place or prevent the witnesses from answering questions that are not the subject of specific privilege objections." *Quick v. Township of Bernards*, No. 17-5595, 2023 WL 4237059, at *5 (D.N.J. June 28, 2023). Meritorious objections may be raised, and disputes brought to the Court, only if necessary.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge