**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LESTER PACKER, SR.,<br>LESTER PACKER, II and<br>SHAWN DYROFF, *individually and on behalf of Glenn O. Hawbaker, Inc. Benefit Plan*,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN O HAWBAKER, INC.,<br>BOARD OF DIRECTORS OF GLENN O. HAWBAKER, INC.,<br>PLAN ADMINISTRATOR OF THE GLENN O. HAWBAKER, INC. BENEFIT PLANT, and<br>JOHN DOES 1-20,<br><br>Defendants. | No. 4:21-CV-01747<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**NOVEMBER 24, 2026**

## I. BACKGROUND

This action arises from a dispute concerning the Glenn O. Hawbaker, Inc. Benefit Plan. The merits of the underlying claims are not presently before the Court. Rather, the dispute concerns two depositions that did not happen when they should have. Although this litigation has spanned years and its record could occupy shelves, the present controversy is narrow. It turns on dates.

On May 12, 2025, the Court issued an Order extending the parties' deadlines and fixing the following August 8 as the end of discovery.[1] In the intervening months, Plaintiffs served expert reports prepared by Joseph W. Lesovitz and Marcia S. Wagner, thereby putting Defendants on notice that these experts might later offer their opinions at trial.[2]

August 8 arrived and discovery closed as scheduled.[3] Two weeks later, the parties appeared before the Court to address a dispute involving subpoenas sent by Defendants on July 2, 2025, to witnesses employed by the Bureau of Labor Law Compliance.[4] Because that dispute could not be resolved informally, the Court established a schedule for motion practice concerning the issue.[5] Defendants thereafter filed a motion to compel the depositions of the four Bureau employees, and the Court ultimately granted that motion in part, permitting the depositions to proceed subject to certain limitations.[6] At no point during those proceedings, however, did the Court modify the operative discovery deadline or otherwise reopen discovery generally.[7]

---

1 Doc. 102.
2 Docs. 115-4; 115-5.
3 Doc. 102.
4 Docs. 106, at 1; 107, at 1-2.
5 Doc. 106.
6 Docs. 107; 111.
7 *See* Docs. 102; 106; 111.

Seven months after the operative discovery deadline, on March 27, 2026, Defendants noticed depositions of Lesovitz and Wagner.[8] Plaintiffs objected and Defendants responded with the instant motion to compel.[9] Now, the Court must determine whether those depositions may proceed despite the expiration of the discovery period articulated in the Court's scheduling order. For the reasons that follow, the Court determines that they cannot.

## II. ANALYSIS

The Federal Rules of Civil Procedure permit broad discovery. They are generous by design and liberal by construction.[10] A party that seeks the benefit of expert testimony at trial must ordinarily expect that expert to be questioned by the other side before trial begins. Defendants are therefore correct that the depositions they seek are neither unusual nor improper. But this case centers not on the role of experts and discovery, but the role of deadlines.

In May 2025, the Court established August 8, 2025, as the discovery deadline.[11] Mindful of that deadline, Plaintiffs served the reports of Lesovitz and

---

8 Docs. 115-2; 115-3.

9 *See* Doc. 115-6.

10 *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (M.D. Pa. 2017) (Brann, C.J.) ("The discovery rules are meant to be construed quite liberally so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence.") (cleaned up).

11 Doc. 102.

Wagner on June 20, 2025.[12] Defendants were therefore readily aware of who the experts were and what opinions they proposed to offer.

Discovery closed on August 8, 2025. Shortly thereafter, a dispute arose concerning subpoenas sent on July 2, 2025, to employees of the Bureau of Labor Law Compliance ("Bureau"). Because the Court could not resolve that dispute informally, the Court established a schedule for motion practice concerning that issue alone.[13] Defendants subsequently moved to compel the depositions of several Bureau employees, and the Court ultimately granted that motion in part, permitting those depositions to proceed subject to certain limitations.[14]

What the Court did not do was reopen discovery generally. The Court held a status conference regarding a particular disagreement.[15] The resulting minute sheet reflects that particular disagreement.[16] Likewise, the Court's subsequent memorandum opinion addressed only that particular disagreement—that is, whether the Bureau witnesses could be compelled to appear for deposition and the permissible scope of those depositions.[17] Absent from the record is any indication that the Court extended the discovery deadline, suspended it, or otherwise modified the operative scheduling order.

---

12 Docs. 115-4; 115-5.
13 Doc. 106.
14 Doc. 111.
15 Doc. 105.
16 Doc. 106.
17 *See generally* Doc. 111.

The law is clear on this point. Scheduling orders are not suggestions; they are the "heart of case management."[18] Lawsuits tend naturally toward expansion—this case is no exception—and scheduling orders serve to bring them within reasonable bounds. To permit parties to "flout" the Court's deadlines without a specific showing of good cause would "severely impair[]" their utility.[19]

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent."[20] The good-cause inquiry focuses principally on the diligence of the moving party and, in practical terms, asks whether the requested discovery could have been pursued before the relevant deadline expired.[21] Informal understandings among counsel, standing alone, do not alter that analysis.[22] On the present record, Defendants have identified no reason why the requested discovery could not have been pursued within the timeline established by the Court's scheduling order.

---

18 *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n.4 (3d Cir. 1986) (internal quotation omitted).

19 *Id.*

20 FED. R. CIV. P. 16(b)(4); *see also Premier Comp Sols.*, LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020) (holding that the Rule 16(b)(4) good-cause standard applies when a party seeks relief after a scheduling-order deadline has passed).

21 *See Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (explaining that a party seeking relief from a scheduling deadline must demonstrate "with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts").

22 *See Banks v. City of Philadelphia*, 309 F.R.D. 287, 290-91 (E.D. Pa. 2015) (declining to find good cause where the parties relied on informal arrangements and failed to obtain court approval for modification of the schedule).

The relevant expert reports were disclosed before discovery ended.[23] Defendants had an opportunity to notice the depositions while discovery remained open, and, at a minimum, to seek an extension before the deadline passed. They did neither. Instead, over seven months passed from the close of discovery to the date on which Defendants noticed the relevant depositions. Under similar circumstances, courts within this Circuit have held that a party's failure to comply with a discovery deadline, coupled with its failure to seek modification of the scheduling order, bars the requested deposition.[24]

Defendants have failed to identify any unusual circumstance that obstructed their pursuit of the depositions before discovery closed. By June 20, 2025, Defendants possessed the relevant expert reports and therefore knew the experts' identities, proposed testimony subjects, and opinions they intended to offer. Yet Defendants nevertheless failed to notice the depositions or seek modification of the scheduling order before the discovery deadline expired. On this record, the Court cannot conclude that Defendants acted with the diligence Rule 16 demands.

Defendants contend that discovery-related activity persisted after August 8, 2025, citing the parties' post-deadline discovery efforts, the Bureau subpoena

---

[23] Docs. 115-4; 115-5.

[24] *See, e.g.*, *Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D. Pa. 1996) (holding that a party's failure to comply with a discovery deadline and failure to seek modification of the scheduling order barred the requested deposition).

litigation, and the absence of subsequent dispositive-motion or trial deadlines.[25] That is true, but it is not the whole story. The post-deadline proceedings principally concerned a discrete dispute over whether subpoenas that had been served on Bureau witnesses before the close of discovery could be enforced.[26] They did not authorize the parties to initiate new discovery, nor did they reopen discovery generally. The Court's August 21 conference, the ensuing motion practice, and the Court's resolution of that dispute left the operative discovery deadline exactly where it had stood since the prior May 12, 2025: August 8, 2025.

The Court does not doubt that the proposed depositions might prove useful and is not blind to the considerable stakes outlined by Defendants in this case. But usefulness and gravity are not the measures here. Timeliness and diligence are. A party seeking relief from a scheduling deadline must demonstrate "with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts."[27] Defendants have made no such showing. Stripped to its essentials, this dispute is about a missed deadline. Defendants seek discovery that would have been available had it been pursued in the period allotted by the Court's scheduling order. That period expired, Defendants have not shown good cause to modify it, and the motion to compel therefore cannot be granted.

---

25 *See* Doc. 118, at 2-3.
26 *See* Docs. 107-11.
27 *Koplove*, 795 F.2d at 18.

## III. CONCLUSION

For these reasons, Defendants' Motion to Compel Expert Discovery is denied. Consequently, Defendants' request for attorneys' fees and expenses pursuant to Rule 37(a)(5) will likewise be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge